IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| CAROL DeANGELO, | : | Case No. 1-02-bk-06824 |
| Debtor | : | |
| | : | Adv. No.: 1-05-ap-00049 |
| CAROL DeANGELO, | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| ACTION MANAGEMENT, INC., | : | |
| Defendant | : | |

## OPINION

Before me is a Motion to dismiss the adversary complaint filed in the above-captioned matter. For the reasons that follow, I will grant the Motion.

On December 18, 2002, Carol D'Angelo ("Debtor") filed a case under Chapter 7 that was converted to Chapter 13 on January 7, 2003. On January 17, 2003, Action Management Inc. ("Action") filed a proof of claim in the converted case stating that its claim was unsecured, but entitled to priority. Action's claim, however, was not cognizable as a priority claim under 11 U.S.C. §507 and should have been classified as a general, unsecured claim. Debtor's Chapter 13 plan was confirmed on May 2, 2003. The plan indicated that all priority claims would be paid in full as required by 11 U.S.C. §1322(a)(2).

On August 11, 2003, Debtor filed an objection to Action's claim on the grounds that it was not entitled to payment as a priority claim. The notice issued to the parties by the Clerk provided a thirty-day deadline for filing an answer to the objection. It further stated that if no

1

answer was filed, Debtor could move for default judgment. Action did not file an answer, but Debtor also failed to file a motion for default judgment.

On July 9, 2004, almost eleven months after the objection to the claim was filed, Debtor's attorney, Vicki Piontek, Esquire ("Piontek"), sent a letter to Action requesting that it "immediately amend the proof of claim to state that it is not listed as a priority claim." Piontek further warned Action that "failure to do so will be construed as an act of fraudulent (sic) and a false claim with the Bankruptcy Court." On August 2, 2004, Action filed with the Clerk an amended proof of claim, which characterized its claim as nonpriority and unsecured.

Eight months later, on March 28, 2005, Piontek filed the instant adversary case on Debtor's behalf. She alleged that Action had violated Pennsylvania's Unfair Trade Practices and Consumer Protection Act, 73 P.S. §201 et seq, and its Fair Credit Extension Uniformity Act, 73 P.S. §2270 et seq., as well as the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. The thrust of the complaint was that the act of filing the original proof of claim with the erroneous statement as to priority violated the provisions of each of the three consumer protection statutes. On June 20, 2005, Action moved to dismiss the adversary case for failure to state a claim under which relief can be granted. Action filed a brief along with its motion. Debtor filed an answer to the motion but did not file a brief. The motion to dismiss is ready for decision.[1]

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

## Discussion

The instant motion was filed pursuant to Fed.R.Civ.P. 12(b)(6) which provides that a complaint may be dismissed for failure to state a claim on which relief can be granted. In deciding a motion under Rule 12(b)(6), a court must assume that all of the properly pleaded facts alleged in the Complaint are true, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d. Cir.), *cert. denied*, 111 S.Ct. 2839 (1991). Debtor's lone relevant allegation of fact is that Action "purposely, knowing (sic) and intentionally filed a proof of claim, and labeled such proof of claim as a priority claim, when in fact such claims (sic) were not priority debts."

Debtor has not cited and the Court has been unable to locate any case in which the filing of a proof of claim in a bankruptcy case was found to be a violation of any of the statutes on which Debtor relies. Most courts have held that the Bankruptcy Code preempts such challenges. "[T]he expansive reach of the Code preempts virtually all claims relating to alleged misconduct in the bankruptcy courts." *Holloway v. Household Automotive Finance Corp.,* 227 B.R. 501 (N.D. Ill. 501). When the alleged violation of state law occurred because of an act that could only have occurred in the bankruptcy case, then the matter must necessarily be governed exclusively by the Bankruptcy Code. *In re Shape, Inc.*, 135 B.R. 707 (Bankr. D. Me. 1992). Since the Bankruptcy Code preempts state and federal laws asserted in the Complaint, and it does not assert a cause of action under the Bankruptcy Code, the Complaint necessarily does not

3

assert a cause of action on which relief can be granted. Therefore the Complaint must be dismissed.[2]

An appropriate Order will be entered.

BY THE COURT,

*Mary D. France*
Bankruptcy Judge

Date: September 23, 2005

*This electronic opinion is signed and filed on the same date.*

---

[2]The dismissal of the Complaint is clearly required because of the absence of a statutory basis in the Code for the cause of action asserted. The Court also notes that the motive for filing the complaint is suspect. The only "damages, " other than attorneys fees incurred by the Debtor as a result of the filing of the inaccurate proof of claim are *de minimis* – "1.00 more or less, including postage, (sic) phone calls." The Complaint avers that Action's filing of its erroneously labeled claims forced Debtor to incur attorneys fees of $1,750.00, but the hours Piontek allegedly expended to earn these fees are grossly inflated. For instance, Piontek alleges that the filing of the erroneous proof of claim caused her to expend two (2) hours "consulting with" Debtor and "other counsel" and reviewing the file. It is not apparent to the Court how it could take two hours to determine that the claim was not entitled to priority. In addition, Piontek's assertion that she expended an hour's time to draft the instant Complaint is unreasonable. As indicated above, the Complaint contains but a single substantive allegation of fact. Further, it is obvious that Piontek invested no time in researching the legal basis for the Complaint. Had she done so, she would have discovered the cases cited above and concluded that her case was groundless. Piontek also attempts to foist blame on Action for the filing of Ford Motor Credit's motion for relief from the stay. Ford's motion was filed because it was not receiving payments from the Chapter 13 trustee. The trustee was not distributing funds because he was (properly) holding Debtor's monthly plan payments for disbursement to priority claimants. If Piontek had promptly moved for default judgment on the objection to the claim, the matter would have been resolved far more expeditiously, and the trustee would have been able to make distribution to Ford more promptly.

The Court cautions Piontek that she may be subject to sanctions in the future if she pursues adversary complaints that are not warranted by existing law or by a nonfrivolous argument for modifying existing law. Had Action not promptly amended its proof of claim it may have been subject to sanctions, but Piontek's action in filing the Complaint after the claim had been amended clearly was unjustified.